FREDERICK C. PHILLIPS, #51337
PHILLIPS, HASKETT & INGWALSON
a Professional Corporation
701 "B" Street, Suite 1190
San Diego, CA 92101
Telephone: (619) 231-3737
Facsimile: (619) 233-1223

Attorneys for: Plaintiff

FILED
2008 AUG -4 PM 1:47
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEONARD M. OKUN, TRUSTEE OF THE LEONARD M. OKUN TRUST DATED MAY 21, 1987,<br><br>Plaintiff,<br><br>vs.<br><br>UBS FINANCIAL SERVICES, INC., a Delaware Corporation;<br><br>Defendants. | CASE NO. '08 CV 1409 WQH JMA<br><br>COMPLAINT FOR RESCISSION AND DAMAGES FOR MISREPRESENTATION<br><br>(JURY TRIAL DEMANDED) |

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction of this lawsuit pursuant to 28 U.S.C. Section 1331 (diversity of citizenship).

2. Venue in this District is proper because the contract on which this suit is based was entered into in San Diego County, California.

**PARTIES**

3. Plaintiff LEONARD M. OKUN ("OKUN") brings this lawsuit in his capacity as Trustee for the LEONARD M. OKUN TRUST dated May 21, 1987. Plaintiff is a resident of the state of California.

4. Defendant UBS FINANCIAL SERVICES, INC. ("UBS") is a Delaware Corporation.

**FACTS COMMON TO ALL COUNTS**

5. Prior to October of 2007, Plaintiff was represented by Defendant UBS as a financial advisor to Plaintiff. For a period of time, at Plaintiff's request, Defendant placed sums of money owed by Plaintiff in Certificate of Deposit accounts in various banks so as not to exceed the $100,000.00 limit for each account with regard to Federal Insurance for said accounts. Defendant then periodically rolled over each account as it matured. With respect to said placements, Plaintiff had advised Defendant that he needed the money in certificate of deposits because Plaintiff anticipated needing that money for a significant residential construction project once he had obtained necessary permits for that project. Plaintiff informed Defendant that he anticipated needing the mone;y within 12 to 18 months.

6. In October of 2007, Defendant began making purchases of securities with monies that had formerly been in CDs. Defendant informed Plaintiff that these purchases were of a new type of security, called an "Auction Rate Security", that was essentially the same as a certificate of deposit, but was insured by Defendant in amounts of hundreds of thousands of dollars such that the $100,000 limit of CD insurablility did not apply, would be at a higher interest rate than a CD and could be withdrawn at any time, although a withdrawal would be subject to a service charge if it was in the middle of the month. Plaintiff was informed that this investment was just like a certificate of deposit and was as secure as a certificate of deposit.

7. Based on the aforesaid representations, Plaintiff authorized UBS to take monies out of his CD's as they matured and to invest same in this new security.

8. Between the dates October 2, 2007 and January 8, 2008, UBS, acting as Plaintiff's financial advisor, withdrew $625,000.00 from various certificates of deposits and invested them in various Municipal Securities that it informed Plaintiff were these "Auction Rate Securities". Said investments were listed on Plaintiff's monthly financial statements as "cash alternatives".

9. On the March 2008 statement of Plaintiff's account from UBS to Plaintiff, which was received in April of 2008, Plaintiff was informed that the value of his assets that had been invested in the Municipal Securities had decreased from $625,000.00 to $497,307.50. In the nest monthly statement, the value had decreased to $425,000.

10. Plaintiff asked his representative (an employee of UBS) what the explanation was for

this change in value. Plaintiff's representative informed him that the market for the Auction Rate Securities had suddenly collapsed. When Plaintiff asked his representative how that could have happened, the representative informed Plaintiff that he didn't know.

11. Shortly thereafter, Plaintiff asked his representative if he could withdraw his money, even at the reduced amount, so that he would have same available to commence his construction project. His representative advised him that his money could not be withdrawn because the securities purchased could not be disposed of at any price.. When Plaintiff then advised his representative that the representative had assured him that his money could be withdrawn at any time, the representative indicated that that was he had believed because that was exactly what UBS had told him.

12. In his May financial statements, as the value of the Municipal Securities portion of his account continued to decline, this portion of his account was for the first time labeled as "Auction Rate Securities" instead of the previous label of "Cash Alternatives".

**COUNT 1**

**(RECISSION FOR MISREPRESENTATION)**

13. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 12.

14. The representations alleged in Paragraph 6 were false. In fact, the investments in Auction Rate Securities were not the same as investments in Certificates of Deposits, and were not freely withdrawable, but were dependent on the results of periodic auctions of those securities. Defendant failed to disclose the Plaintiff that the securities it was purchasing on Plaintiff's behalf were not freely disposable, but in fact had varying maturity dates that were many years past the life expectancy of Plaintiff.

15. Plaintiff relied on said representations, in that both Plaintiff and Defendant knew that Plaintiff would need to withdraw his money as soon as he obtained necessary permits to proceed with the construction of his residence. Plaintiff's reliance was reasonable in that Defendant was his financial advisor. Had Plaintiff known that said securities could not be freely withdrawn under some circumstances, that they were subject to a decline in value and that they had maturity dates many

years past Plaintiff's life expectancy, Plaintiff would never have made said investments.

16. The aforesaid false representations were knowingly false in that UBS knew that the ability to withdraw monies from Plaintiff's account would be dependent on the existence of buyers at subsequent auctions for said securities. The failure to fully explain this situation or the risk of this investment to Plaintiff was intentional misrepresentation and non-disclosure by UBS, or at the very least, recklessly negligent misrepresentation and non-disclosure.

17. By letter to Defendant dated June 5,2008, Plaintiff rescinded his investment in the Auction Back Securities and demanded return of his monies from UBS.

18. Defendant has failed and refused and continues to fail and refuse to return Plaintiff's investment, within interest.

19. By reason of said Defendant's failure to return Plaintiff's investment, with interest, Plaintiff will sustain consequential damages by reason of his inability to proceed with the construction of his residence. Plaintiff does not know of the amount of said damages, but believes they will exceed $100,000.00. Plaintiff will offer proof of said damages at the time of trial herein.

20. By reason of Defendant's wrongful and intentional conduct in this matter, Plaintiff is entitled to exemplary damages in an amount in accordance with proof.

**COUNT 2**

**(RESCISSION FOR BREACH OF CALIFORNIA SECURITIES LAW)**

21. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 20 of this Complaint.

22. The sums Plaintiff invested in the Auction Rate Securities with Defendant were made based on the representations and solicitations of Defendant as set forth in this Complaint. Defendant UBS failed to disclose to Plaintiff that if there was no market at the periodic auctions of the Auction Rate Securities, Plaintiff would not be able to withdraw his investment. UBS further failed to disclose to Plaintiff that the maturity dates on the securities were well beyond Plaintiff's life expectancy. Those failures to disclose were material, in that had such disclosures been made, Plaintiff would not have invested in the Auction Rate Securities.

23. The above representations and omissions constitute misrepresentations and omissions

of material fact in violation of California Corporations Code §25401.

24. Pursuant to the provisions of California Corporations Code §25501, Plaintiff is entitled to rescind the sale of the securities described above and recover from Defendant the consideration paid for said securities, plus interest at the legal rate less the amount of any income received.

25. Pursuant thereto, Plaintiff is entitled to the recovery of the sum of $625,000.00, together with interest thereon at the rate of ten percent (10%) per annum from and after January 8, 2008.

26. Plaintiff requests a jury trial of this action.

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

1. For judgment of rescission of the investments in the Auction Rate Securities and for return of the sum of $625,000.00, together with interest thereon at the rate of ten percent (10%) per annum from and after January 8, 2008;

2. For consequential damages in accordance with proof;

3. For exemplary damages in accordance with proof; and

4. For costs of suit incurred herein and such other and further relief as to the Court seems proper.

Dated: August 4, 2008

PHILLIPS, HASKETT & INGWALSON, a P. C.

By: ______________________
Frederick C. Phillips, Attorney for Plaintiff

Phillips\Okun\Complaint

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 2008 AUG -4 PM 1:48 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

**I. (a) PLAINTIFFS**

LEONARD M. OKUN, TRUSTEE OF THE LEONARD M. OKUN TRUST DATED MAY 21, 1987

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Frederick C. Phillips, #51337; Phillips, Haskett & Ingwalson, a P.C.
701 "B" St., Ste. 1190, San Diego, CA 92101; 619-231-8380

**DEFENDANTS**

UBS FINANCIAL SERVICES, INC., a Delaware Corporation

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) '08 CV 1409 WQH JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1331

Brief description of cause:
Complaint for Rescission and damages for misrepresentation

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 08/04/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 15368 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

[initials] 8/4/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 153618 - TC

August 04, 2008
13:48:15

Civ Fil Non-Pris
USAO #.: 08CV1409
Judge..: WILLIAM Q HAYES
Amount.: $350.00 CK
Check#.: BC25104

Total-> $350.00

FROM: LEONARD M. OKUN
VS
UBS FINANCIAL